IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YASSIN HAYTHAME MOHAMAD : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-15-0287 |
| vs. : | |
| : | (Judge Caldwell) |
| VINCENT MOONEY, *et al.*, : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

The *pro se* plaintiff is Yassin Haythame Mohamad, an inmate at the state correctional institution in Coal Township, Pennsylvania. We are considering his motion for appointment of counsel. In his complaint, he is claiming that the defendants are: denying him access to appropriate medical and mental-health care; housing him in the Restricted Housing Unit (RHU) in retaliation for filing grievances; prohibiting his access to medical-research magazines because they contain photographs of nude females; interfering with his access to the courts by denying him access to "legal help" while in the RHU mini law library; and are treating him differently than other similarly situated Sunni Muslims in regard to his participation in religious feasts. Plaintiff also alleges the defendants are discriminating against him on the basis of his race and complains of his RHU conditions of confinement. (Doc. 1, Compl.)  He names as defendants the following individuals:  Secretary Wetzel; Superintendent Mooney; Deputy Luscavage; Deputy Miller; Major E. Baumbach; Major D. Brumfield; Mailroom Supervisor J. Jellen; Business

-1-

Manager Nancy Wilson; Chaplain Supervisor Aaron Duncan; Corrections Health Care Supervisor (CHCA) Julian Martino; Psychiatrist Harrold; Dr. Moclock; PA Nicole Bogoslaw; PA Brian Davis; and Nurse Chris Yackiel.

Plaintiff moves for appointment of counsel based on: his indigent status, lack of legal training, and his RHU confinement in single-cell status which prohibits him from going to the mini law library with anyone else.  (Doc. 8).  Plaintiff notes that he is presently receiving the assistance of a jail house lawyer who is housed "7 cells away" from him. However, it is difficult to communicate with the inmate in this manner and "makes [his] case subject to sabotage by prison informants to forewarn defendants of Plaintiff's strategy of litigation".  (*Id.*, ECF p. 2 and p. 3).  He also claims the lack of adequate lighting in his cell makes it difficult for him to write legibly and that the various medications makes him sleepy.  (*Id.*, ECF p. 2).  In support of his motion, he submits the declaration of Richard Wimbush, a self-proclaimed "student of the law," and states he is unable to assist Mohamad further because prison staff have denied their requests to go to the mini law library together or pass legal materials to one another.  (*Id.*, ECF p. 4).  For the following reasons we will deny Mohamad's motion for counsel.

This is a civil action, not a criminal one.  Hence the plaintiff has no constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002).  Nor can the court compel a lawyer to represent an indigent plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993).  Rather, representation for an indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court

"may *request* an attorney to represent any person unable to afford counsel." (emphasis added).

A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at any point of the litigation. *Id.* at 503-04 ("Either the Magistrate Judge or the District Court should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion. At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law." *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)). A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim." *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted). If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent

to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly." *Id.* at 505 n.10. However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court "should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Applying the relevant *Tabron* factors in this case, we will not appoint counsel at this time. Plaintiff's motion for counsel fails to set forth any special circumstances or factors that would warrant the appointment of counsel. *Tabron*, 6 F.3d at 155-56. This case has only just started. Just recently the court directed the Clerk's Office to send waiver of service forms and the Complaint to the defendants. Defendants will either challenge the legal basis of the Complaint or file an answer. Until then, the Court will not be able to fully assess the threshold question of the arguable factual and legal merit of Plaintiff's claims for the purpose of appointing him counsel. Plaintiff's Complaint, and other correspondence to the court, have been clearly worded and present logical concise arguments. To the extent that Plaintiff's request for counsel is based on the fact of his incarceration or his indigent status, these facts do not warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). There is no evidence, at

this early point in the litigation, that any prejudice will befall Plaintiff in the absence of court-appointed counsel.  Consequently, at this time Plaintiff's request for counsel will be denied.

        An appropriate order follows.

        /s/ William W. Caldwell
        William W. Caldwell
        United States District Judge

Date: March 2, 2015