IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

YASSIN HAYTHAME MOHAMAD    :
                           :
    Plaintiff              :
                           :    CIVIL NO. 1:CV-15-0287
    vs.                    :
                           :    (Judge Caldwell)
VINCENT MOONEY, *et al.*,  :
                           :
    Defendants             :

*M E M O R A N D U M*

On April 6, 2015, the court revoked Mohamad's *in forma pauperis* standing pursuant to 28 U.S.C. § 1915(g) after it was learned that he had, on three occasions, filed an action in a federal district court or on appeal, that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.[1]  *See* Doc. 22. In that order, we noted that Mohamad was less than forthright in his application to proceed *in forma pauperis* as he affirmed that he had not filed "3 or more actions or appeals in a court of the United States that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted." (Doc. 2).  Additionally, he did not respond affirmatively to the question of whether he was seeking relief because he was under "imminent danger of serious physical injury." (*Id.*, ECF p. 2).  Consequently,

---

[1]  *See Muhamad v. Smith*, 2:09-cv-0943 (W.D. Pa. 2012), *aff'd,* No. 12-1923 (3d Cir. Aug. 9, 2012)(appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); dismissed for failure to state a claim); *Muhamad v. Barone*, 1:09-cv-316 E (W.D. Pa. 2012), *aff'd*, No. 12-2632 (3d Cir. Aug. 9, 2012))(appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); and *Muhamad v. Wenerowicz*, 2:13-cv-3702 (E.D. Pa. Jul. 1, 2014)(dismissed for failure to state a claim).

Mohamad was given twenty-one days to pay the filing fee or his action would be dismissed. (Doc. 22).

Mohamad has not paid the filing fee in this matter, and now, faced with the dismissal of his action, claims that he should be able to proceed under the imminent harm exception which "allows the district court [or an appellate court] to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). "'Imminent' dangers are those which are about to occur at any moment or are impending." *Id.*; *see also McCarthy v. Warden, USP–Allenwood*, 2007 WL 2071891 *2 (M.D.Pa. July 18, 2007) (Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident).

Mohamad now argues that his medical condition, deep vein thrombosis, "CAN TRULY CAUSE & CAUSING LIFE THREATENING HARM to plaintiff & does constitute a medical emergency if not attended to & does so place plaintiff in imminent danger because he can go blind, grow tumors in his head & blood clots can break into his lungs that can cause death!" (Doc. 23, ECF p. 1).

While it appears that Mohamad describes all of the possible consequences of this medical condition, in his Complaint he did not assert that he is denied medical and mental-health care by the defendants. Rather, he contends that he is receiving "inadequate" medical and mental-health care which prohibits him from "working, participating in educational and rehabilitative programs." (Doc. 1, ECF p. 3). We note that his lack of program participation is not related to his medical condition. As Mohamad

-2-

points out, prison authorities for reasons undisclosed to the court, have placed him on the Restricted Release List (RRL).[2]  *See* DC-ADM 802, Administrative Custody Procedures viewable at http://www.cor.pa.gov.  While in Administrative Custody, the privileges available to inmates are not equal to those in general population security level housing.  Thus, the type of harm Mohamad alleges in the Complaint, lack of participation in various programs, is not the type of harm relevant to §1915(g)'s safety valve provision.  The court also notes that Mohamad only raised the issue of imminent harm after the court learned of his prior three strikes and revoked his *in forma pauperis* standing.

With respect to the possible consequences he may suffer in the future due to his deep vein thrombosis, without more, such as the denial of all medical treatment for his condition, his allegations of possible future events do not present a convincing argument of imminent danger of serious physical harm.  While Mohamad may disagree with the level of medical and mental-health care he is receiving, he does not assert prison officials are ignoring any imminent medical or mental-health need.

In light of the court's reading of the Complaint (Doc. 1), Plaintiff's application to proceed *in forma pauperis* (Doc. 3), and his objections to the revocation of his *in forma pauperis* standing (Doc. 23), the court cannot find that Mohamad's claims of "imminent danger of serious physical injury" meet the threshold to allow him to file his present

---

[2] According to DC-ADM 802, §1(C)(1),

> The Facility Manager/designee may request that an inmate be placed on the RRL when he/she poses a threat to the secure operation of the facility and where a transfer to another facility or jurisdiction would not alleviate the security concern.  The Secretary/designee must approve placing the inmate in this status.

-3-

lawsuit *in forma pauperis*.  As Mohamad has failed to pay the filing fee in this matter, the case will be dismissed without prejudice.

      We will issue an appropriate order.

/s/ William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: May 6, 2015