# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YASSIN HAYTHAME MOHAMAD, | : | |
| Plaintiff | : | |
| | : | CIVIL NO. 1:15-CV-0287 |
| v. | : | |
| | : | (Judge Caputo) |
| VINCENT MOONEY, *et al.*, | : | |
| Defendants | : | |

## M E M O R A N D U M

Presently before the Court are separate motions for an extension of the discovery and dispositive motions deadline. (ECF No. 81, 91 and 92) Mr. Mohamad has also filed a motion for appointment of counsel (ECF No. 79) and a "request" for relief concerning his current conditions of confinement. (ECF No. 85.) Defendants also seek leave to depose Mr. Mohamad. (ECF No. 93.) For the following reasons, the Court will extend the case management deadlines in this matter, grant Defendants' motion to depose Mr. Mohamad, deny Mr. Mohamad's motions for counsel and "request" concerning his present conditions of confinement.

## I.     Background

Mr. Yassin Mohamad, an individual presently incarcerated at the Dallas State Correctional Institution (SCI-Dallas), in Dallas, Pennsylvania, filed this lawsuit in February 2015 concerning his medical treatment and denial of religious meal accommodations while housed at SCI-Coal Township. (ECF No. 1.) On August 9, 2018, following the Court's resolution of the Medical Defendants' motion to dismiss and the Commonwealth

Defendants' motion to dismiss, only Mr. Mohamad's First Amendment Free Exercise and Fourteenth Amendment Equal Protection claim against Secretary Wetzel, Superintendent Mooney, Deputy Luscavage, Deputy Miller, Major E. Baumbach, Major D. Brumfield and Chaplain Supervisor Aaron Duncan for the denial of religious meals while he was housed in the Restricted Housing Unit (RHU) remain. (ECF No. 65.) Shortly after the resolution of those motions the Court issued a case management order setting the close of discovery in April 2019 and calling for the filing of dispositive motions by May 2, 2019. (ECF No. 69.)

On June 1, 2019, Mr. Mohamad filed his second motion for appointment of counsel[1] based on his continued RHU placement, personal inability to utilize the RHU law library's computerized legal research tools due to lack of instruction, lack of reading and writing skills to necessary to understand the legal and medical terminology involved in this case, and his phlebitis "which is potentially deadly because blood clots travel to lungs". (ECF No. 79-1 at 2; *see also* ECF No. 80.) Mr. Mohamad asserts he suffers from stress, anxiety and depression which affect his short-term memory and ability to concentrate. (*Id.*) He also states he is "unable to do admissions, depositions, interrogatories and other discovery." (*Id.*) Additionally, he argues he needs legal assistance to rigorously evaluate scientific and medical language related to his claims. (*Id.*)

On October 3, 2018, the Court issued a Case Management Order calling for the close of discovery on April 3, 2019 and the filing of dispositive motions on May 2, 2019. (ECF No. 69.) On April 10, 2019, the Court's recent mailing to Mr. Mohamad was returned

---

[1] The Court denied Mr. Mohamad's first motion for appointment of counsel on March 2, 2015. (ECF No. 11.)

unopened after Mr. Mohamad allegedly refused the piece of mail. (ECF No. 76.) The Court issued an order directing Mr. Mohamad to indicate whether he seeks to continue litigating this matter or voluntarily dismiss it. (*Id.*) Mr. Mohamad filed a letter-response stating he wished to proceed with his case and an enlargement of the Case Management Order. Then Court denied his request without prejudice for him to present his rationale for enlarging the discovery deadline. (ECF Nos. 77 and 78.)

In June 2019, Mr. Mohamad sought an enlargement of the case management deadlines and a second motion for appointment of counsel due to the "extraordinary circumstances" of his chronic health conditions and placement in solitary confinement. (ECF Nos. 79 and 81.) Defendants also seek an enlargement of the discovery and summary judgment deadlines and the opportunity to depose Mr. Mohamad. (ECF No. 92 and 93.)

In the interim, Mr. Mohamad filed a motion for summary judgment. (ECF No. 87.)

**II.	Discussion**

**A.	Mr. Mohamad's Second Motion for Appointment of Counsel**

Indigent litigants bringing civil suits under 42 U.S.C. § 1983 have neither a constitutional nor statutory right to appointment of counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Yet, a court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915(e)(1). The decision to request counsel to represent an indigent litigant under Section 1915 is within "the sound discretion of the trial court." *Tabron*, 6 F.3d at 153. "[C]ourts should exercise care in appointing counsel because volunteer lawyer time is a precious

commodity and should not be wasted on frivolous cases." *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact *and* law." *Montgomery*, 294 F.3d at 499 (emphasis added). If plaintiff's claims should overcome this threshold requirement, other factors to be examined are: (1) the plaintiff's ability to present his case; (2) the difficulty of the legal issues; (3) the degree to which factual investigation will be necessary and the plaintiff's ability to pursue it; (4) the extent to which the case is likely to turn on credibility determinations; (5) whether the case will require expert testimony and (6) the plaintiff's ability to retain counsel on his own. *Parham,* 126 F.3d at 457 (citing *Tabron*, 6 F.3d at 155 - 56, 157 n. 5).

Applying the relevant *Tabron* factors, the Court will deny Mr. Mohamad's second motion for appointment of counsel. First, the Court's denial of the Commonwealth Defendants' motion to dismiss means that Mr. Mohamad's Complaint is facially plausible with respect to the remaining claims, i.e., his Free Exercise and Equal Protection claims related to the denial of religious meals while housed in SCI-Coal Township's RHU. However, the same does not hold true with respect to Mr. Mohamad's Eighth Amendment medical claims which did not survive the motion to dismiss challenge. (ECF No. 64.) Thus, to the extent Mr. Mohamad's second motion for appointment of counsel is based on his need for legal assistance in deciphering scientific and medical terminology, or the need for a medical expert, they are now moot. Moreover, the dismissal of the claims against the medical defendants and some Commonwealth defendants significantly reduces the complexity of this case. The scope of discovery was also redefined by the

Court's August 9, 2018-Order addressing the defendants' motions to dismiss. *See* ECF No. 65.

Additionally, the Court notes that Mr. Mohamad waited until the conclusion of the discovery period to request counsel based on his alleged inability to conduct discovery. On June 4, 2019, when attempting to address Mr. Mohamad's request for an enlargement of the discovery period, the Court directed Mr. Mohamad to "provide a detailed description of all discovery efforts he has undertaken to date as well as any outstanding discovery obligations or disputes between the parties." (ECF No. 78.) Yet, to date he has failed to do so. Nowhere in his motion for counsel, or motion for an enlargement of the case management deadlines, does Mr. Mohammad suggest he has attempted to undertake any discovery in this matter or offer any explanation for his failure to do so. (ECF Nos. 79 and 80.) Likewise, Mr. Mohamad does not suggest how his phlebitis, anxiety, depression, or inability to get along with others, has prevented him from drafting interrogatories, requests for production of documents, or requests for admissions from his RHU cell. Based on the Court's review of his motion for counsel, and lack of documentation or argument supporting a finding that he suffers from a physical or mental impediment that impacts his ability to present his case or conduct discovery, he has failed to demonstrate any restraints placed upon his *pro se* abilities due to his present confinement.

Perhaps the most significant important *Tabron* factor is the Plaintiff's ability to present his own case. Upon the review of Mr. Mohamad's filings in this case, and his past litigation experience, it is clear that Mr. Mohamad is not a complete stranger to the

discovery process or the types of claims he is pursuing in this action.[2] As for Mr. Mohamad's arguments that he is computer-illiterate and thus incapable of conducting legal research in the institution's RHU mini law library, this argument also does not favor the appointment of counsel. The Court empathizes with the challenges that technology poses to all parties, even long-term practitioners, however, Mr. Mohamad struggles under the same burdens common to all *pro se* litigants. As most of the contents of the DOC's main and mini law libraries legal reference materials are offered on CD-Rom. *See* DC-ADM 007, *Access to Provided Legal Services*.[3] Moreover, he does not suggest how his computer-illiteracy prevents him from conducting discovery in this matter. He has demonstrated an ability to read, write, and communicate in English. Finally, Mr. Mohamad does not suggest any efforts he has undertaken to find *pro bono* counsel on his own.

Based on the above, the Court's analysis of the *Tabron* factors do not support the appointment of counsel in this case. Mr. Mohamad's second motion for the appointment of counsel will be denied without prejudice.

---

[2] *See Mohamad v. Wenerowicz*, No. 13-2702, 2014 WL 2957445 (E.D. Pa. Jul. 1, 2014) (resolved on motion to dismiss); *Mohamad v. Barone*, 494 F. App'x 212 (3d Cir. 2012) (First and Eighth Amendment claims related to 2009 use of force event disposed of on summary judgment); *Mohamad v. Smith*, 492 F. App'x 269 (3d Cir. 2012) (excessive force, medical, retaliation, Religious Land Use and Institutionalized Persons Act and Equal Protection claims resolved on summary judgment).

[3] The Court takes judicial notice of DOC's policy concerning the access of legal services found on the DOC's public website at: https://www.cor.pa.gov (search About Us, DOC Policies, *007 Access to Provide Legal Services*, last visited February 6, 2020).

### B. Enlargement of Deadlines Set in the Case Management Order

At this point, the discovery and dispositive motions deadline established in the Case Management Order (ECF No. 69) have passed. As noted above, the Court directed Mr. Mohamad to "provide a detailed description of all discovery efforts he has undertaken to date as well as any outstanding discovery obligations or disputes between the parties" when he previously sought an enlargement of the discovery period. (ECF No. 78.) Yet, he did not do so. Additionally, he does not advise the Court of what discovery he now seeks to pursue. Even though pleadings filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citations and internal quotation marks omitted), Mr. Mohamad should provide some basis for his last minute request for the enlargement of the discovery and dispositive deadlines. Nonetheless, as the Commonwealth Defendants did not originally oppose Mr. Mohamad's request and now present a similar motion (ECF Nos. 91 and 92), the Court, out of an abundance of caution for the rights of this *pro se* litigant, will grant Mr. Mohamad (and the Commonwealth Defendants) a limited window of opportunity to take additional discovery. The Court will also set a new dispositive motions deadline.

### C. Mr. Mohamad's "Request" Concerning Events at SCI-Dallas

In August 2019, after a brief transfer to another facility, the DOC returned Mr. Mohamad to SCI-Dallas in August 2019. (ECF No. 84.) Since then he claims staff have denied him property (legal and personal) and privileges granted to him by other facilities. These events and the named individuals alleged to have violated Mr. Mohamad's

constitutional rights at SCI-Dallas are not part of his current lawsuit. Accordingly, the Court does not have jurisdiction to address these allegations. If Mr. Mohamad wishes to challenge his conditions of confinement following his return to SCI-Dallas in August 2019, he will be required to file a separate action, and not amend his present lawsuit. Therefore, Mr. Mohamad's "request" (ECF No. 85) concerning events at SCI-Dallas will be denied without prejudice.

### III. Conclusion

For the reasons stated herein, Mr. Mohamad's second motion for the appointment of counsel and "request" concerning events at SCI-Dallas (ECF Nos. 79 and 85) will be denied without prejudice. The parties motions for extension of the Time of Case Management Order deadlines (ECF Nos. 81, 91 and 92) will be granted. Mr. Mohamad's motion for summary judgment (ECF No. 87) will be dismissed without prejudice to his right to refile his motion at the conclusion of the newly established discovery period. Defendants' motion to depose Mr. Mohamad will be granted. (ECF No. 93.)

An appropriate order follows.

Date:  February 7, 2020                     /s/ A. Richard Caputo
                                                         **A. RICHARD CAPUTO**
                                                         **United States District Judge**